

August 21, 2020

**VIA ECF**

Hon. Mae A. D'Agostino
United States District Judge
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

      Re:    <u>United States ex rel. Anthonitte Carranza v. Guaranteed Rate, Inc., et al.,</u>
              <u>No. 17-cv-637 (MAD/DJS)</u>

Dear Judge D'Agostino:

      Our law firm represents the relator, Anthonitte Carranza, in the above-referenced action.

      We request a modification of the Court's current scheduling order on the amount of fees to which relator's counsel is owed in this matter 31 U.S.C. § 3730(d)(1). Defendants have agreed such fees were owed. Dkt. 15-1. We also request the right to file reply papers. As the merits of this case were resolved by settlement, the issue of fees is the only remaining issue in this litigation.

      **Legal Standard**

      In dealing with a post-judgment fees dispute, courts routinely require the parties to pursue limited discovery on the issue of fees before the filing of the fees motion. This discovery satisfies due process, and from the perspective of judicial economy, it reduces the issues before the court to those in actual dispute, with a record focused only on those remaining issues.

      The rule is of longstanding. As set forth in the 1993 Advisory Committee Note to Fed R. Civ. P. 54(d)(2)(C), in a post-judgment fee dispute, a court can "order disclosure of additional information, such as that bearing on prevailing local rates or on the appropriateness of particular services for which compensation is sought."

      Courts consistently hold that discovery is required as part of resolving a fees motion. *See U.S. ex rel. Salina Savage v. Washington Closure Hanford LLC, et al.*, No. 1:10-CV-05051-SMJ (E.D. Wash.) (January 7, 2019 Order, ECF No. 493) (in False Claims Act case, ordering that defendant produce billing records and answer contention interrogatories prior to the filing of a fees motion); *Riker v. Distillery*, No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196, at *1-2 (E.D. Cal. Aug. 12, 2009) (ordering discovery of number of hours billed, fee arrangements, costs, and

Honorable Mae A. D'Agostino
August 21, 2020
Page 2

totals fees paid by defense counsel prior to filing of plaintiff's motion for attorneys' fees); *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Assoc.*, No. 90 C 6247, 1996 WL 66111, at *3 (N.D. Ill. Feb. 13, 1996) (ordering discovery of expenses of defendant prior to fees motion); *Mendez v. Radec Corp.,* 818 F. Supp. 2d 667 (W.D.N.Y. 2011) (ordering discovery as part of resolution of fees motion); *Blowers v. Lawyers Coop. Publ'g Co.*, 526 F. Supp. 1324, 1326-27 (W.D.N.Y. 1981) (ordering discovery regarding defense counsel's billing information after finding that such information "may have significant bearing" on fees motion); *Grumman Corp. v. LTV Corp.*, 553 F. Supp. 1385, 1390 (E.D.N.Y. 1982) (ordering discovery on time expended by defense counsel); *Henson v. Columbus Bank & Trust Co.,* 770 F.2d 1566, 1574-75 (11th Cir. 1985) (abuse of discretion to deny discovery of hours expended by defense counsel); *Citgo Petroleum Corp. v. Krystal Gas Mktg. Co.,* 466 F. Supp. 2d 1263 (N.D. Okla. 2006) (ordering discovery on opposing counsel's hourly rates as part of fees motion); *Ruiz v. W.J. Estelle*, 553 F. Supp. 567, 584 (S.D. Tex. 1982) (finding that reviewing defendants' fees was appropriate to assist in determining the reasonableness of plaintiffs' fees); *Naismith v. Prof'l Golfers Assoc.*, 85 F.R.D. 552, 563-64 (N.D. Ga. 1979) (discovery of opposing counsel's time, rates, total fees, and expenses should be provided as relevant in support of the reasonableness of plaintiffs' fees and expenses); *see also* Northern District of Illinois Local Rule 54.3 (local rule providing that the non-moving party that is contesting the moving party's claims for fees must submit its own billing records).

**Discovery Sought Here**

Here, pursuant to normal post-judgment discovery obligations, relator's counsel served discovery to determine defendants' position on the fees-related issues before the fees motion was filed. For example, we provided our billing records and asked if defendants to identify time entries that they felt should not be reimbursed. Upon reviewing their responses, we could then remove those time entries so they were not part of the motion, or at least brief the Court on the specific objections raised by the defendants. Similarly, to the degree time entries were not in dispute, there would be no need for the Court to review those entries, and relator's counsel could remove those from the petition. In contrast, for entries the defendants did not find objectionable, there would be no need for motion practice on those issues. Thus, the motion would be reduced to the few entries genuinely at issue in the case.

Similarly, determining the appropriate hourly rate for this type of work in this district (or at least narrowing the range of that rate in dispute between the parties) would also reduce the need for motion practice on that issue, as would determining the amount that should be billed to this matter.

Thus, as is normal in False Claims Act cases, relator's counsel served limited requests focused on the issue of the appropriate fees and the appropriate amount of time spent on the matter.

As is the normal practice of parties responding to discovery, we expect defendants to object to some of our discovery requests. These objections, however, do not need to be resolved now. Like all discovery objections, they should be resolved only after the parties have met and

Honorable Mae A. D'Agostino
August 21, 2020
Page 3

conferred on these issues, and to the degree that any objections remain unresolved, a ruling be made by the magistrate judge as necessary.

      Therefore, relator's counsel seeks to have the motion briefing schedule modified to allow for limited discovery prior to the submission of relator's fees motion, as well as an opportunity to submit reply papers.

*    *    *

      We thank the Court for its attention to this matter and look forward to discussing these issues in more detail during the upcoming status conference.

      Respectfully submitted,

      **/s/ J. Nelson Thomas**

      J. Nelson Thomas

cc:    All attorneys of record (via ECF)