

**Valerie L. Hletko**
Partner
2001 M Street NW, Suite 500
Washington, D.C. 20036
t ⬛⬛⬛⬛⬛⬛⬛⬛⬛
vhletko@buckleyfirm.com

August 22, 2020

Hon. Mae A. D'Agostino
United States District Judge
United States District Court for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

**RE:** *United States of America ex. Rel. Anthonitte Carranza v. Guaranteed Rate, Inc.*, 1:17-cv-00637-MAD-DJS

Dear Judge D'Agostino:

We represent Defendants Guaranteed Rate, Inc. ("GRI") and Victor Ciardelli (collectively "Defendants"), and write in response to the letter filed by Anthonitte Carranza ("Relator") on August 21, 2020. (EFC No. 36.) We oppose Relator's request that the Court modify the briefing schedule regarding her motion for attorneys' fees pursuant to 31 U.S.C. § 3730(d), which the Court set on August 7, 2020. The Court already has allowed Relator more than four months to prepare her motion, and previously denied her request that the deadline be extended until February so that she could take discovery. (EFC No. 31) (setting September 4, 2020 as the deadline for filing Relator's motion regarding fees).

Relator originally purported to serve discovery requests on June 30, 2020. As Defendants advised Relator's counsel at that time, these requests were improper. Relator purported to serve these same discovery requests again on August 20, 2020, two weeks prior to the deadline to file her motion.[1] These requests consist of 11 interrogatories, 6 document requests, and 1 request for admission. They generally seek information regarding (i) what Defendants think Relator's counsel should charge in this matter; (ii) what Defendants think about the quality of Relator's counsel's lawyering; (iii) the rates Defendants' counsel—based in Washington, D.C.—generally charge to their clients; and (iv) the fees Defendants specifically paid to their counsel in connection with the Government's investigation.

Relator's letter incorrectly asserts that "courts routinely require the parties to pursue limited discovery on the issue of fees before the filing of the fees motion." (ECF No. 36 at 1.) In principal support of this contention, she quotes for the Court the 1993 Advisory Committee Note to Fed R. Civ. P. 54(d)(2)(C). She selectively omits, however, the part of that note that states, "On *rare* occasion, the court may determine that discovery under Rules 26-37 would be useful to the parties." (Emphasis added.)

---

[1] These requests remain improper because, among other reasons, the Court denied Relator's request for discovery and the parties have not held a Rule 26(f) conference.

Relator further relies on a half-page of string cites. Many of the cases cited granted discovery only after the motion was filed and certain objections were raised by the defendant, which led to the conclusion that discovery was appropriate. *See, e.g.*, *Mendez v. Radec Corp.*, 818 F. Supp. 2d 667 (W.D.N.Y. 2011) (court allowed discovery of defendant's counsel's billing records because defendant but the records at issue by reference in objections to plaintiff's motion). Contrary to Relator's representation to this Court, discovery regarding a fee motion is "rare," not "routine"—and if it occurs at all, it typically does not occur prior to the filing of the motion.

The remaining cases cited also provide no basis to require Defendants to respond to the discovery requests or for the Court to reconsider its ruling.[2] Each is distinguishable from the present matter for at least one of the following reasons:

- In many of the cases, counsel for both parties were based in the same district, such that the rates charged by defendants' counsel were relevant to an evaluation of the reasonable rates in that community. *See Mendez*, 818 F. Supp. 2d 667 (Rochester, New York and Buffalo, New York); *CitgoPetroleum Corp. v. Krystal Gas Mktg. Co.*, 466 F. Supp. 2d 1263 (N.D. Okla. 2006) (both in Tulsa, Oklahoma); *Grumman Corp.v. LTV Corp.*, 533 F. Supp. 1385 (E.D.N.Y. 1982) (both in the city of New York); (*Blowers v. Lawyers Coop. Publ'g Co.*, 526 F. Supp. 1324 (W.D.N.Y. 1981) (both in Rochester, New York); *Naismith v. Prof'l Golfers Assoc.*, 85 F.R.D. 552 (N.D. Ga. 1979) (both in Atlanta, Georgia). None of the cases in which the attorneys were from different districts were based out of the Second Circuit, which follows the "forum rule." *See Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566 (11th Cir.1985) (finding district court should have ordered discovery because the judge repeatedly commented at fee hearing that he lacked evidence to decide motion); *U.S. ex rel. Salina Savage v. Washington Closure Hanford LLC, et al.*, No. 2:10-CV-05051-SMJ (E.D. Wash.) (January 7, 2019 Order, ECF No. 493); *Riker v. Distillery*, No. 2:08-cv-0450 MCE JFM, 2009 WL 2486196 (E.D.Cal. Aug. 12, 2009); *Ruiz v. W.J. Estelle*, 553 F.Supp. 567 (S.D. Tex. 1982). In this case, Relator's counsel is in-District and Defendants' counsel is in Washington, D.C.

- In many cases, the courts held that the amount of time defendants' counsel spent on the case was relevant to assess the reasonableness of plaintiffs' counsel's time because the parties worked on the same issues throughout the course of the litigation, or the defendants specifically compared plaintiffs' hours with those that defendants expended. *See Mendez*, 818 F. Supp. 2d at 668 ("defendants have rendered those records discoverable by basing their opposition to plaintiffs' fee request in large part on a comparison between the hours spent on this case by plaintiffs' counsel and by defense counsel"); *CitgoPetroleum Corp.*, 466 F. Supp. 2d at 1265 (specifically relying on the reasoning of a North Carolina court that explained that "[e]ach party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable"); *Chicago Prof'l Sports Ltd. P'ship v. Nat'l Basketball Ass'n.*, No. 90 C 6247, 1996 WL 66111, at *3

---

[2] Relator also cites Northern District of Illinois Local Rule 54.3, and perhaps it goes without saying, but the Local Rules of that court have no bearing on how this Court, sitting in the Northern District of New York, should operate.

(N.D. Ill. Feb. 13, 1996) ("As the parties are well aware, this litigation has been long and complex, involving both unique facts and novel questions of law. In such circumstances, the defendant's fees may provide the best available comparable standard to measure the reasonableness of plaintiffs' expenditures in litigating the issues of the case."); *Ruiz v. W.J. Estelle*, 553 F.Supp. 567, 584 (S.D. Tex. 1982) (". . . the present action is unprecedented in its scope and complexity. Therefore, it may not readily be compared to other actions, to evaluate the reasonableness of the time claimed by plaintiffs. Rather than search for analogies of limited application, a better course would be to compare the amount of time expended by plaintiffs' counsel with that expended by defendants' counsel . . . By definition, the parties involved were litigating the same issues. The time spent by defendants' attorneys in defending an action necessarily relates to the time spent by plaintiffs, though the relation is obviously imprecise, and may be governed by a variety of factors."); *Blowers*, 526 F. Supp. at 1326 (same as *CitgoPetroleum)*; *Naismith*, 85 F.R.D. at 563 (N.D. Ga. 1979) (same as *CitgoPetroleum*). Because the Government exclusively handled the investigation and resolved this case, with the sole exception of the present fee issue, Relator's counsel and Defendants' counsel were not working on the same matters.

- A number of the cases Relator relies on explicitly acknowledge that where the nature of defendants' and plaintiffs' involvement was different, discovery is not appropriate. *See Henson,* 770 F.2d at 1574-75 ("We have on occasion questioned whether the number of hours spent on a case by defense counsel is relevant to a determination of the reasonable fees for plaintiffs' attorneys. Our reasoning has been that the number of hours needed by one side to prepare adequately may differ substantially from that of opposing counsel because the nature of the work on each side may differ dramatically. Additionally, the case may have far greater precedential value for one side than the other.") (citations omitted); *see also Chicago Prof'l Sports Ltd. P'ship*, 1996 WL 66111, at *3 (specifically recognizing that "it is not an abuse of discretion to find that a defendant's costs and hours are irrelevant to the reasonableness of a plaintiff's claimed award. Because a particular litigation may have precedential value as to a defendant's rights against numerous potential future plaintiffs, defendants often expend more money in legal fees than that defendant would otherwise spend where the litigation were not as precedentially valuable to the defendant") (citation omitted).

- In the only False Claims Act case Relator cites, the Court granted discovery pursuant to Ninth Circuit precedent, which required the relator to demonstrate a "legitimate, substantial need for [the discovery] so she may adequately prepare her fee petition," because prolonged mediation had been unsuccessful even after the relator had provided the defendants with detailed time logs and proposed rates and defendants expressed their concerns with the proposals only "vaguely." *U.S. ex rel. Salina Savage*, No. 1:10-CV-05051-SMJ (E.D. Wash.) (November 19, 2018 ECF Nos. 482, 493). Unlike this matter, relator's counsel had extensively litigated the case against the defendants over several years. *Id*. at EFC No. 482.

As set forth in Defendants' letter dated July 29, 2020 (ECF No. 23), the law regarding the award of reasonable attorneys' fees to a relator is well-settled. "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health,*

*Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). When evaluating the hourly rate, the Court will consider "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Id.* (quotation and citations omitted). The Second Circuit's "forum rule" generally requires using the "the hourly rates employed in the district in which the reviewing court sits." *Id*. at 290 (quotation and citations omitted). "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *Koziol v. Peters*, No. 6:12- CV-823, 2012 WL 5986574, at *2 (N.D.N.Y. Nov. 29, 2012). Relator must demonstrate that she is entitled to attorneys' fees and that the fee request is reasonable. *See Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 25 (N.D.N.Y. 2015) (J. D'Agostino).[3] She requires no discovery from Defendants to do so, her letter provides no basis to reconsider the Court's prior ruling, and the parties should proceed with the schedule previously set by the Court.

Respectfully submitted,

**/s/ Valerie L. Hletko**

Valerie L. Hletko

cc:     All counsel of record by ECF

---

[3] Relator's August 21, 2020 letter states that "Defendants have agreed [Relator's counsel's] fees were owed" and cites to the filed settlement agreement. (EFC Nos. 15-1, 36.) This is false. The settlement agreement acknowledges that "Relator claims entitlement" to such fees and that "nothing in this Agreement shall preclude Relator from seeking" such fees. (EFC No. 15-1 ¶¶ F, 4.)